OPINION
{¶ 1} Defendant-appellant, Jason Vires (hereinafter "Vires"), appeals the judgments of the Auglaize County Court of Common Pleas, sentencing him to serve an aggregate six-year prison term on one count of Fleeing and Eluding, in violation of R.C. 2921.331 and one count of Burglary, in violation of R.C. 2911.12.
 {¶ 2} Vires' sentence was the result of two separate offenses. On March 15, 2004, Vires entered Joint Township Memorial Hospital in St. Marys and removed a purse from an office. Vires cashed two checks from the purse, receiving a total of $490 in cash. Vires was subsequently indicted on one count of Burglary and one count of Theft.
 {¶ 3} On April 3, 2004, a patrolman with the St. Marys Police Department attempted to stop Vires for driving without headlights after sunset. The patrolman activated his overhead lights, but Vires failed to stop. A chase ensued through Auglaize and Mercer counties, and Vires was eventually stopped. Vires was subsequently indicted for Fleeing and Eluding and for Possession of Cocaine.
 {¶ 4} On August 4, 2004, Vires entered a plea of guilty to one count of Burglary, a felony of the third degree, and one count of Fleeing and Eluding, a felony of the third degree. The remaining charges pending against him were dismissed.
 {¶ 5} As part of his plea agreement, a joint sentence was recommended. The recommendation to the court was a three year prison term for each of the two offenses, to be served consecutively, for a total of six years.
 {¶ 6} At the sentencing hearing, the trial court imposed a term of five years for each offense, finding that each offense warranted a five-year term, pursuant to applicable sentencing factors. However, to comply with the joint sentencing recommendation, the trial court ordered the two five-year terms to be served "partially consecutively" for a total sentence of only six years.
 {¶ 7} It is from this sentence that Vires now appeals and sets forth one assignment of error for review.
 ASSIGNMENT OF ERROR NO. I The trial court impose [sic] a sentence which is contrary to law andtherefore void.
 {¶ 8} R.C. 2953.08(D) provides that, "a sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."
 {¶ 9} At the outset, Vires contends that although the trial court appeared to sentence him to the jointly recommended term of six years, he was actually sentenced to ten years, based on the individual five-year terms. Therefore, Vires claims that his sentence is subject to review because the court did not follow the joint sentencing recommendation.
 {¶ 10} The sentencing agreement, in the case sub judice, provided for a prison term of three years for each offense, to be served consecutively. The trial court imposed five years for each offense rather than three years, as recommended. Due to this discrepancy, we find that the trial court did not follow the joint sentencing recommendation. Therefore, we will consider the merits of Vires' assignment of error.
 {¶ 11} Vires argues that his sentence is contrary to law because there is no statutory authority for a sentencing court to differentiate consecutive sentences by "partial" or "total" terms. Vires asserts that the trial court's action rendered his sentence void.
 {¶ 12} When imposing multiple prison terms upon a criminal defendant, R.C. 2929.14 grants the trial court discretion to require the offender to serve the terms consecutively or concurrently. However, R.C. 2929.14(E)(5) mandates that "[w]hen consecutive prison terms are imposed * * *, the term to be served is the aggregate of all of the terms so imposed."
 {¶ 13} Based on the plain language of R.C. 2929.14(E)(5), we find that the sentencing court did not have the authority to order Vires' five-year prison terms to be served "partially consecutively" for an aggregate term of six years. Vires' sentence is, therefore, contrary to law. Accordingly, we sustain Vires' assignment of error and vacate the sentence as imposed by the trial court.
 {¶ 14} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court and remand the matter for resentencing.
Judgments reversed and cause remanded.
 Rogers and Shaw, JJ., concur.